IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY JONES,

    Plaintiff,

    vs.                                  No. 13 CV 1250 KBM/SMV

CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,

    Defendant.

**MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

COMES NOW Defendant, Children, Youth and Families Department (CYFD), by and through Hatcher & Tebo, P.A., and moves this Court for its order dismissing Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6).  In support of this Motion, CYFD states as follows:

I.
BACKGROUND

Plaintiff filed his Complaint for Recovery of Damages due to Violations of Title II of the Americans with Disabilities Act (ADA) in Santa Fe County District Court under Cause No. D-101-CV-2013-02828 on October 30, 2013.  On December 31, 2013 Defendant timely filed its Notice of Removal to the United States District Court for the District of New Mexico.  (Doc. 1). Defendant then filed an Answer and this Motion follows.

Plaintiff's Complaint arises out of a series of events which occurred in January and September, 2010.  Specifically, in his Complaint, Plaintiff alleges that he was a minor student at Espanola Valley High School when, on January 22, 2010, he was beaten in the face and back of his head by another minor student, "K.A." which, in turn, led to a diagnosis of post-traumatic stress disorder (PTSD).  (See Complaint, ¶¶ 8-11).  Plaintiff further alleges he was disabled, as a result

of the PTSD diagnosis, pursuant to the ADA.  Plaintiff is alleged to be a qualified individual with a disability pursuant to 42 U.S.C. § 12131(2) (1990).  (See Complaint, ¶ 49).

The acts of wrongdoing which form the basis of the Complaint occurred between September 7 and 9, 2010.  In summary, Plaintiff brought with him to school, on September 7 of that year, materials which led school and police officials to investigate whether Plaintiff was a threat to himself or other classmates at Espanola Valley High School.  The Espanola Valley High School officials and Espanola Police Department conducted an investigation which led to the referral of Plaintiff to St. Vincent Hospital's treatment center for psychiatric evaluation.  (See, generally, Complaint, ¶¶ 14-27).  The police investigation ultimately led to charges against Plaintiff for attempted murder and aggravated assault. (See Complaint, ¶ 40).  The Complaint goes on to allege that Juvenile Probation Officer Martha Fernandez, employed with CYFD:

> . . . authorized the arrest of Billy Jones for the stated reason that she was concerned that Billy was not receiving the counselling he needed, not knowing that Billy had been released by a hospital.  Officer Fernandez knowingly charged Billy by alleging attempted murder and aggravated assault in order to make sure Billy was taken into custody and not merely summoned into the probation office.

These events occurred on September 8, 2010.  (*See* ¶ 40 of Complaint).

The Complaint alleges that on September 9, 2010, while Billy was attending a counselling treatment, he was arrested by the Espanola Police Department for the charges above-referenced.  Further, his arms, legs, and hands were handcuffed as he was transported to the Santa Fe Detention Center where he remained in custody until he was released.  (See Complaint, ¶ 42).

Plaintiff alleges that CYFD violated the ADA because he was denied the benefits of services, programs and activities of CYFD on the basis of his disability.  Specifically, the Complaint alleges that Billy Jones was denied the benefits of:

(a)     Encounters with officers properly trained to deal with citizens who are mentally impaired;

Page 2

(b)     Being allowed to participate in mental health treatment without being arrested and charged with a crime;

(c)     Being treated with dignity by the government entity sworn to protect its community's citizens.  (See Complaint, ¶ 50).

The Complaint alleges that CYFD discriminated against Plaintiff "by choosing not to provide adequate protection to citizens with mental/emotional disabilities," that CYFD violated mandatory New Mexico state statutes, administrative codes and Title II of the ADA, that CYFD knew or should have known Plaintiff was suffering from a mental/emotional disability, that CYFD failed to respond appropriately to Plaintiff's medical condition and actively prohibited Plaintiff from his medical treatment when he was handcuffed and arrested in his counsellor's office, that Plaintiff was discriminated against when Defendant authorized the arrest of Billy for manifestations of his disability and medical conditions, that Plaintiff's conduct was legal and that he was wrongfully arrested, that Defendant failed to provide Plaintiff with "adequate accommodations for his disability during his arrest, charging and detention," and that all such actions resulted in damages. (See, generally, Complaint).

For reasons set forth below, Plaintiff's suit is subject to dismissal under Fed.R.Civ.P. 12(b)(6) on the grounds that it is barred under the applicable statute of limitations and because it otherwise fails to state a cause of action upon which relief may be granted.

II.
LEGAL ARGUMENT

A.     Rule 12(b)(6) Standards.

Fed.R.Civ.P. 12(b)(6) tests the sufficiency of a complaint by determining whether a cause of action is cognizable as a matter of law and by whether the facts, as alleged, give rise to a claim under which Plaintiff can recover.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct.

1955 (2007).  Claims challenging a complaint on the grounds that it is barred under the applicable statute of limitations may be resolved on a 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished."  *Ellinger v. Weinhold*, 531 Fed.Appx. 928, 929, *citing Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041, n. 4 (10th Cir. 1980).

When a complaint is challenged pursuant to Rule 12(b)(6), all well pleaded allegations are presumed true with all reasonable doubts and inferences viewed favorably to the non-moving party.  *Fitzgerald v. Barnstable School Commission,* 555 U.S. 246, 249, 129 S.Ct. 788 (2009).

The complaint must allege facts sufficient to make plaintiff's claim plausible under the tests enunciated under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007).  A proper complaint must do more than make conclusory assertions.  Rather, it must allege facts sufficient to raise the claims beyond mere speculation.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  The *Twombly* case requires that the allegations "nudge their claims across the line from conceivable to plausible."  *Id.* at 550 U.S. 570.  As stated in *Genesee County Employees Retirement System v. Thornburg Mortgage Securities Trust 2006-3*, 825 F.Supp.2d 1082 (D.N.M. 2011):

> A complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's burden to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  (Citations omitted).  Factual allegations must be enough to raise a right to relief above this speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).  (Citations omitted).  To survive the motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. (Citations omitted).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* at 825 F.Supp.2d 1121.  The Tenth Circuit Court of Appeals in *Robins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) stated:

Page 4

"Plausibility" in this context must refer to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the parties "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

    B.    <u>Plaintiff Fails to State a Plausible Claim for Violation of Title II of the ADA.</u>

The ADA defines "disability" as (a) a physical or mental impairment that substantially limits one or more major life activities of such individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(1). A person within the scope of subsection (c) includes those who establish "that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." Disabilities do not include "impairments that are transitory and minor." 42 U.S.C. §12102(3). *See Sanders v. Arneson Products,* 91 F.3d 1351, 54 (9th Cir. 1996) ("Temporary, non-chronic impairments of short duration, that have minimal residual effects, are insufficient to constitute disabilities).

A *prima facie* case for a violation of the ADA requires a showing (1) that plaintiff is a qualified individual with a disability, (2) that the defendant is subject to the ADA, and (3) that plaintiff was denied the opportunity to participate in or benefit from defendant's services, programs or activities, or was otherwise discriminated against by Defendant, by reason of his disability. *Harris v. Mills,* 572 F.3d 66, 73, 74 (2nd Cir. 2009). Plaintiff's Complaint has several shortcomings under the *Twombly* standards. First, it merely alleges that he was suffering from a mental/emotional disability (PTSD) of which Defendant knew or should have known, and which resulted in Defendant's discriminatory treatment when it (CYFD) authorized Plaintiff's arrest and failed to provide adequate accommodations for the disability during the arrest. The Complaint does not allege what authority CYFD has to charge a juvenile with a felony (it has none) or what opportunity CYFD had to provide any accommodations during the arrest process. Further,

Plaintiff's Complaint fails to allege or explain how or to what extent his disability inhibits a major life activity.  Plaintiff's Complaint also fails to inform this Court whether the disability is chronic, minor or transitory in nature.  The Complaint also fails to allege what accommodations, under the circumstances, could or should have been afforded during the process of charging, arresting and detention which might have satisfied the ADA.  Instead, the Complaint, in conclusory fashion, states that Plaintiff was denied the "services, programs and activities" of CYFD, including the benefits of dealing with officers properly trained to deal with mentally impaired citizens, being allowed to participate in mental health treatment without being arrested, or in being treated with dignity.  There are no allegations as to whether the officers were or were not properly trained or, assuming they were not, how this adversely impacted the circumstances of the arrest.  There are no allegations concerning how one can be arrested "with dignity" or why such a general allegation concerning the lack of "dignity" fails to comport with ADA requirements.  More fundamentally, there is no allegation explaining how carrying a diagnosis of PTSD caused CYFD to wrongfully authorize an arrest.  There are no allegations even describing for this Court the authority for CYFD to either charge juveniles with felonies, carry out an arrest, authorize an arrest, or how CYFD otherwise played any part in the arrest.

In *Baker v. County of Merced,* 2011 W.L. 2708936 (E.D.Cal. 2011), the Court dismissed a suit under the ADA for failure to state a claim.  Although plaintiff alleged that her stress and depression were disabilities under the ADA, that she suffered from neck shoulder and knee injuries from a car accident which constituted disabilities, and further that she had stress and high blood pressure, she failed to expressly identify what major life activities were substantially limited by these conditions.  For several reasons, including the failure of the complaint to allege what major life activities are substantially limited, the complaint was found insufficient to allege a proper claim under the ADA resulting in dismissal.  *See also Ahlers v. Rabinowitz,* 2009 W.L. 4405791

at *7 (S.D.N.Y. 2009) (allegations insufficient to state a plausible ADA claim where no allegation regarding how an alleged disability inhibits any "major life activities" and because nothing in the Complaint alleges the disability is not "transitory and minor.")  In *Cunningham v. UNM Board of Regents,* 779 F.Supp.2d 1273 (D.N.M. 2011), plaintiff alleged violations of the ADA in the failure of the UNM Medical School to reasonably accommodate a disability, specifically scoptic sensitivity syndrome (SSS), a form of dyslexia.  Because plaintiff failed to allege, among other things, how the SSS condition substantially limited a major life activity, plaintiff's ADA complaint was dismissed for failure to state a plausible claim.  *Id.* at 779 F.Supp.2d 1281.  Similarly, Plaintiff's Complaint states nothing more than conclusory statements of fact and law without alleging plausibly how CYFD, assuming all facts to be true, can be held liable under Title II of the ADA.

Plaintiff's Complaint further fails the plausibility standard on a second, independent basis. A plaintiff seeking to recover monetary damages under the ADA must prove intentional discrimination on the part of the defendant.  *Delano-Pyle v. Victoria County, Texas,* 302 F.3d 567, 574 (5th Cir. 2002); *Nordwall v. PHC_Las Cruces, Inc.,* 2013 W.L. 4400382 at 18, 19 (D.N.M. 2013).  To be sure, the Tenth Circuit, evaluating the Rehabilitation Act, 29 U.S.C. § 794, held that "intentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of the questioned policies will likely result in a violation of federally protected rights."  *Ex rel Barber v. Colorado Dept. of Revenue,* 562 F.3d 1222, 1228-29, *citing Powers v. MJB Acquisition Corp.,* 184 F.3d 1147, 1153 (10th Cir. 1999).  Because Title II of the ADA generally tracks Section 504 of the Rehabilitation Act of 1973, cases interpreting either section are generally applicable to both.  *Hainze v. Richards,* 207 F.3d 795, 799 (5th Cir. 2000); *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998).  Plaintiff here has alleged that the Defendant, CYFD, "knew or should have known" that Jones was suffering from a mental/emotional disability,

that he needed medical treatment, and should have been allowed to continue with his medical treatment after being arrested.  There are no allegations, other than generalized statements that the Defendant discriminated against Jones or failed to provide him with adequate accommodations for his disability, to suggest Defendants' actions were intentional or manifested a discriminatory animus.  Without such, Plaintiff's Complaint fails because it does not eliminate negligence or inadvertence as the cause of the alleged wrongdoing. Indeed, Defendant is alleged to have violated "a known or should have known" standard, suggesting negligent behavior on the part of the Defendant in causing the damages to Plaintiff.  As a result, Plaintiff's claims should be dismissed. *See Carter v. Orleans Parish Public Schools,* 725 F.2d 261, 264 (5th Cir. 1984); *Davis v. Biggers,* 2013 W.L. 5703616 at *6 (S.D.Tex. 2013) (plaintiff fails plausibly to state a claim because of the failure to allege intentional discrimination; the complaint pleads no facts eliminating the potential that damages were caused by mere negligent or inadvertent behavior).  Because the Complaint fails to plead a plausible claim meeting the *Twombly* standards, it should be dismissed.

C.      Plaintiff's Complaint is Barred under the Applicable Statute of Limitations.

In enacting the ADA, Congress did not provide for a specific statute of limitations.  Under these circumstances, a federal court adopts the most analogous limitations period for bringing a cause of action.  *Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938 (1985).  Virtually all case authority which have discussed the issue, conclude that a state statute of limitations period for personal injury claims applies to cases brought under the ADA.  *See McCormick v. Miami University,* 693 F.3d 654, 663-64 (6th Cir. 2012); *Everett v. Cobb County School District,* 128 F.3d 1407, 1409-10 (11th Cir. 1998); *Soignier v. American Board of Plastic Surgery,* 92 F.3d 547, 550-51 (7th Cir. 1996); *Pottgen v. Missouri State High School Activities Association,* 40 F.3d 926, 930 (8th Cir. 1994); *Swenson v. Lincoln County School District,* 260 F.Supp.2d 1136, 1143 (D.Wyo. 2003).  Indeed, the Tenth Circuit, in *Baker v. Board of Regents of the States of Kansas,* 991 F.2d

628 (10th Cir. 1993) determined that the Kansas two year statute of limitations applicable to personal injury claims was the appropriate limitations period for claims filed under the Rehabilitation Act.  Claims under Title II of the ADA and the Rehabilitation Act are essentially identical and, as such, the two statutes should apply the same statute of limitations.  *Nordwall v. PHC-Las Cruces, Inc.*, 2013 W.L. 4400382 (D.N.M. 2013) at *24, *citing Everett v. Cobb County School District,* 138 F.3d 1407, 1409 (10th Cir. 1998).

Plaintiff's arrest occurred on September 9, 2010.  (*See* Complaint, ¶¶ 41-43).  The basis for the liability alleged against CYFD arises out of the events of September 7 through 9, 2010, culminating in the arrest of Plaintiff as "authorized" by Juvenile Probation Officer Fernandez, acting on behalf of CYFD.  (Complaint, ¶¶ 40, 50).  The time of the alleged discriminatory act, not when its consequences are realized, dictates when the limitations period commences.  *Brown v. Unified School District,* 465 F.3d 1184, 1187 (10th Cir. 2006), *quoting Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498 (1980).  This action was filed on October 30, 2013, more than three years beyond the date when Plaintiff's cause of action was triggered.  New Mexico has a three year statute of limitations for personal injury cases, which is applied to claims brought under the ADA.  NMSA 1978, § 37-1-8 (1976).  Because Plaintiff's Complaint was filed three years after the date the statute of limitations was triggered, Plaintiff's claims should be dismissed as time barred.

     D.    <u>The Facts Alleged in Plaintiff's Complaint do not Come within the Scope of Title VII of the ADA.</u>

The language of the ADA does not specifically state whether an "arrest" is a "service, program, or activity" contemplated by the statute.  Although there appears to be a split in authority on the threshold issue whether the ADA applies to the arrest context, the better argument is that the ADA is inapplicable to provide a basis for discrimination claims here because an arrest is not

the type of "service, program or activity" from which a disabled person could be excluded or otherwise denied a benefit. In *Rosen v. Montgomery County, Maryland,* 121 F.3d 154, 157 (4th Cir. 1997), a deaf person was arrested for drunk driving and brought a claim under Title II of the ADA on theories that the arrest was wrongful due to the officer's failure to account for the disability and in the failure to accommodate the disability during the course of the arrest. The Fourth Circuit held that "calling a drunk driving arrest a 'program or activity of the County' the 'essential eligibility requirements' of which (in this case) are weaving in traffic and being intoxicated, strikes us as a stretch in the statutory language and of the underlying legislative intent." The Sixth Circuit in *Tucker v. Tennessee*, 539 F.3d 526 (6th Cir. 2008), reasoned that an arrest did not constitute a "service, activity or program" to which the protections of the ADA applied. *See also Hainze v. Richards,* 207 F.3d 795 (5th Cir. 2000) (Title II of the ADA does not apply to an officers' on the street responses to reported disturbances or other similar incidents, whether or not these calls involve subjects with mental disabilities); *Patrice v. Murphy,* 43 F.Supp.2d 1156, 1160 (W.D.Wash. 1999) ("The court finds that an arrest is not the type of service, program or activity from which a disabled person could be excluded or denied benefits under the ADA, although an ADA claim may exist where the claimant asserts that he has been arrested because of his disability). To be sure, there is authority to the contrary. *See Lewis v. Truitt,* 960 F.Supp. 175, 178 (S.D.Ind. 1997) (ADA claim exists where plaintiff shows that he is disabled, that the arresting officers knew or should have known of the disability, and the officer's arrested Plaintiff because of legal conduct related to his disability); *Barber v. Guay,* 910 F.Supp. 790 (D.Me. 1996) (Plaintiff's claim "that he was denied proper police protection and fair treatment [during investigation and arrest] due to his psychological and alcohol problems" stated a valid cause of action under the ADA).

Although the Tenth Circuit has discussed this issue, it nonetheless remains a matter of first impression in this circuit. In *Gohier v. Enright,* 186 F.3d 1216 (10th Cir. 1999) plaintiff brought suit asserting claims against a police officer and the City of Colorado Springs under Title II of the ADA on both the wrongful arrest and failure to accommodate theories certain courts have developed in this area of law. There, an officer, encountering an alleged paranoid schizophrenic on a street, killed the deceased in a moment of sudden attack. The Court dismissed plaintiff's suit stating that the case did not fit into the "wrongful arrest" category because the victim's conduct was not lawful or attributable to his mental illness because the officer was under exigent circumstances. Because the plaintiff did not assert that the City failed to train its police officers properly to investigate and handle situations involving the mentally ill in a manner which would reasonably accommodate their disability, the Court refused to answer the question whether a valid cause of action existed under the "reasonable accommodation theory." As such, the Tenth Circuit in *Gohier* did not specifically answer the question whether, in this circuit, the ADA applies to claims brought pursuant to the so-called "wrongful arrest" or "failure to accommodate" theories in the arrest context. The Court merely stated that "a broad rule categorically excluding arrests from the scope of Title II . . . is not the law." *Id.,* at 186 F.3d 1221. It concluded by stating it is an open question "whether to adopt either or both the wrongful arrest theory . . . and the reasonable accommodation theory." *Id.*, Moreover, because the Plaintiff did not pursue the reasonable accommodation theory, the *Gohier* court expressed "no opinion on whether [it] could extend to the facts of this case." *Id.* 186 F.3d 15 1222. This Court should read the ADA plainly and determine, as did the Fourth and Sixth Circuits in *Rosen* and *Tucker*, respectively, that nothing in its language suggests an intent to include an arrest or any requirements of a particular accommodation involved during its course, as "service, program, or activity," sufficient to make an ADA claim.

III.

<u>CONCLUSION</u>

Plaintiff fails to plead a plausible claim under the *Twombly* standards. The claim, nonetheless, is time barred under the three year statue for personal injury actions in New Mexico. Finally, the allegations do not give rise to a cognizable claim under Title II of the ADA. Plaintiff's Complaint must be dismissed.

HATCHER & TEBO, P.A.

BY:   /s/ Scott P. Hatcher
          Scott P. Hatcher, Esq.
          150 Washington Avenue, Suite 204
          Santa Fe, NM  87501
          (505) 983-6525
          Attorneys for Defendant

<u>CERTIFICATE OF MAILING</u>

The undersigned hereby certifies he transmitted a true and accurate copy of the foregoing via CM/ECF to:

Joseph Kennedy
Shannon Kennedy
1000 Second Street, N.W.
Albuquerque, New Mexico  87102

on this 28th day of February, 2014.

          */s/ Scott P. Hatcher*
Scott P. Hatcher, Esq.