IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY JONES,

    Plaintiff,

vs.                                          No. 13-CV-1250 MV/RHS

CHILDREN YOUTH AND FAMILIES DEPARTMENT,

    Defendants.

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held via electronic-mail and was attended by:

Joseph P. Kennedy, counsel for Plaintiff

Scott P. Hatcher, Esq., Hatcher & Tebo, P.A., counsel for Defendant Children, Youth and Families Department (CYFD).

### NATURE OF THE CASE

Plaintiff's complaint contains a claim against Defendant Children Youth and Families Department for an alleged Violation of Title II of the Americans with Disabilities Act (Count I).

Defendants deny the allegations of wrongdoing set forth in the Complaint.

### AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends: None at this time.

Defendants intend to file: None at this time.

### STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties.

1

**PLAINTIFF'S CONTENTIONS**

On September 7, 2010 Espanola District searched Billy Jones' backpack and found drawings that Billing Jones had created. On September 8, 2010, Martha Fernandez, a juvenile probation officer, employed by Defendant CYFD, authorized the arrest of Billy Jones for the stated reason that she was concerned that Billy Jones was not receiving the counseling he needed not knowing that Billy had been released by the hospital. Fernandez overcharged Plaintiff by alleging attempted murder and aggravated assault in order to make sure Plaintiff was taken into custody and not merely summoned into the probation office.

Billy Jones did not attend classes at Espanola Valley High School on September 9, 2010. Billy Jones was attending a counseling treatment with Sarah Whitmire at Ayundantes on North Riverside Drive on September 9, 2010 when he was arrested for attempted murder. Billy Jones was subsequently expelled by Superintendent Janette Archuleta and Espanola Municipal School District for "improper behavior." Billy Jones was in the process of seeking medical care for mental/emotional disorders when he was wrongfully arrested and defamed. Billy Jones had a mental/emotional disorder as of September 8, 2010. Billy Jones is disabled pursuant to the Americans with Disabilities Act because of his mental/emotional disorder and Post-Traumatic Stress Syndrome.

Fernandez contends she believed, based on false representations, that Billy Jones had escaped St. Vincent's Treatment Center and still needed a psychiatric evaluation. Billy Jones had been found by a psychiatrist not to be a danger to himself and others and had been lawfully released into his mother's custody. Rather than verify whether Billy Jones was a fugitive at large, or a mentally disabled teenage boy who had been released from the hospital to be further treated at a later date, Fernandez authorized the arrest of Billy Jones.

Billy Jones was arrested ironically in the office of his counselor while undergoing psychiatric therapy. Billy Jones was charged with attempted murder upon the explicit approval and recommendation of Fernandez in violation of the Americans with Disabilities Act, as his activity was a manifestation of a disability and it is not a reasonable accommodation of a disability to charge him with attempted murder. The arrest of Billy Jones was objectively unreasonable as he had committed no crime in drawing pictures to reduce the stress of being bullied at school. CYFD had no lawful authority to facilitate the arrest or charging of Billy Jones. CYFD criminalized his disability by facilitating his arrest and the groundless charge of attempted murder. The arrest of Billy Jones was not reasonably related to the circumstances that gave rise to it. Billy Jones suffered damages as a result from the arrest and charges.

## **DEFENDANTS' CONTENTIONS**

Pursuant to statutory authority under the Children's Code, NMSA 1978, § 32A-1-1, *et seq.*, CYFD is tasked with, among other things, providing juvenile probation and parole services. This authority obligates it to receive and examine complaints of allegations of juvenile delinquency for purposes of considering, among other matters, authorization of the temporary detention of juveniles and whether a delinquency petition should be filed. CYFD does not have law enforcement authority, nor is it authorized to investigate criminal activity. When the CYFD is notified by law enforcement of criminal activity involving a juvenile, it gathers information and consults with CYFD's statewide central intake to determine whether to authorize detention of that juvenile, acting in a manner which is in the best interests of the juvenile and the public. CYFD does not charge delinquent juveniles of crimes; that is under the authority of law enforcement. However, when certain charges involving felonies related to juvenile activity, such as the charge of attempted murder, detention is required under the risk assessment instrument CYFD utilizes in

determining whether to authorize detention of the juvenile. After authorizing detention, CYFD is tasked with conducting a preliminary inquiry pursuant to procedures described in NMSA 1978, § 32A-2-7, all in an effort to determine whether or what recommendations are made to the Children's Court attorney in proceeding with delinquency proceedings.

With respect to Plaintiff, Jones, the CYFD, through Juvenile Probation Officer, Martha Fernandez, was informed that the Espanola Police Department had charged him with two offenses, one each for "attempt to commit a felony" to wit: murder, and another for aggravated assault. These charges arose out of the circumstances set forth in the Complaint concerning Mr. Jones' actions at Espanola Valley High School giving rise to a fear of severe bodily harm or death to other students and administrators at Espanola Valley High School. Because Mr. Jones had been charged with attempted murder, a felony, CYFD, acting through Ms. Fernandez, authorized the Espanola Police Department to detain Mr. Jones. Because the family of Mr. Jones, as well as the Plaintiff himself, refused to answer any questions of Ms. Fernandez during the preliminary inquiry session, claiming they were "taking the 5th," she (Ms. Fernandez) recommended that the "child remain in detention as he allegedly was a danger to himself, a danger to the community, and a possible flight risk."

Defendant has filed its Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 8). The basis for this Motion is that the claim for violation of Title II of the ADA fails to state a plausible claim, nor does it state a proper cause of action under the ADA statute. Further, Plaintiff's Complaint is barred under the statute of limitations. CYFD acted properly in accordance with its statutory obligations and did not discriminate in any way against Plaintiff for any known disability in carrying out its statutory duties. The actions of CYFD were appropriate under the

circumstances, and its actions did not cause any injuries or damages alleged. CYFD is entitled to all applicable immunities. CYFD denies all Plaintiff's contentions.

## PROVISIONAL DISCOVERY PLAN

**Instructions:**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

A. List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

B. List all documents which you believe, at this time, will be exhibits at the trial.

C. List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

## DISCOVERY PLAN

**Plaintiff's Proposed Discovery:**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

---

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

---

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for production by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than of the parties) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by

    from Defendant(s) by

Supplementation under Rule 26(e) due within 30 days of the time that the need to supplement becomes known to the party obliged to supplement and in no event later than 30 days prior to the date discovery closes.

All discovery commenced in time to be complete by _____. Discovery on *(issue for early discovery)* to be completed by ___n/a_____.

Other Items:

**Defendant's Proposed Discovery**

The Defendant, CYFD, will submit written discovery to Plaintiff, as well as depose Mr. Jones, any expert witnesses, any family members, including his mother, with knowledge regarding

the events, as well as any other witness who may be identified by Plaintiff or otherwise disclosed through discovery. Areas of discovery will include Plaintiff's background, including educational history, psychological/medical condition, nature and extent of any damages, and all other topics relevant to this suit.

### A. **Witness Lists**

**Plaintiff's Witness List**:

**Witnesses Who May Either Testify or Be Deposed:**

1. Billy Jones
   c/o Kennedy Law Firm
   1000 2nd St. NW
   Albuquerque, NM 87102
   Phone: (505) 244-1400

   Billy Jones can testify to the incidents alleged in the complaint and the damages that he has since suffered as a result of the incidents.

2. Timothy Jones (father)
   233 Terrace Dr.
   Chatham, NJ 07928
   Home: (973) 635-2449
   Cell: (973) 665-4778

   Mr. Jones, Plaintiff's father, can testify to the emotional and mental state of his son on the day of the arrest, as well as testify to the treatment their son received from Espanola Police Officers.

3. Cecilia Abeyta (mother)
   PO Box 940
   Ohkay Owingeh, NM 87566
   Phone: (505) 423-3720

   Ms. Abeyta, Plaintiff's mother, can testify to the emotional and mental state of their son, B.J., on the day of the arrest, as well as testify to the treatment her son received from Espanola Police Officers.

4. Officer Ernie Romero
   c/o Santa Fe County Sheriff's Department
   102 Grant Ave Santa Fe, NM 87501-2061
   Phone: (505) 986-62

   Officer Romero can testify to the incident that had occurred on the school bus on January 22, 2010.

5. Martha Fernandez
   Juvenile Probation and Parole, District One
   c/o Scott P. Hatcher, Esq.
   150 Washington Ave., Suite 204
   Santa Fe, NM 87501
   Phone: (505) 983-6525

   Ms. Fernandez can testify to the City's policy on criminally prosecuting adolescents who engage in violent behavior in a school setting.

6. Janette Archuleta
   c/o Bryan C. Garcia
   Carlos E. Sedillo
   P.O. Box 25967
   Albuquerque, New Mexico 87125-0967
   Phone: (505) 248-0500

   Ms. Archuleta with testify to her participation in the expulsion process of students, including Plaintiff and her participation in the incidents alleged in the complaint.

7. Danny Pacheco
   c/o Katherine A. Basham, Esq.
   Basham & Basham, P.C.
   2205 Miguel Chavez Rd., #A
   Santa Fe, New Mexico 87505

   Officer Pacheco can testify to the events that took place in regards to Plaintiff B.J. and to the City's policies in how to handle situations such as the one he was confronted with.

8. Dr. Lloyd Vigil
   714 Calle Don Diego
   EspanolaNM87532
   Phone: (505) 367-3342

Dr. Vigil was present at the time that B.J.'s backpack was searched and the illustrations were found. Dr. Vigil can testify to the events that transpired and Billy's temperament during the incident.

9. Carlos Guzman
   St. Vincent's Hospital
   455 Saint Michaels Dr
   Santa Fe, NM
   Phone: (505) 913-5209

   Mr. Guzman was an RN at St. Vincent's Hospital when B.J. was admitted. Mr. Guzman can testify that after performing a psychological evaluation of B.J., that B.J. was not a threat to himself or anyone else. Mr. Guzman can also testify to discharging B.J. on his day of admittance due to his lack of threat.

10. Christian Lopez
    c/o Katherine A. Basham, Esq.
    Basham & Basham, P.C.
    2205 Miguel Chavez Rd., #A
    Santa Fe, New Mexico 87505

    Mr. Lopez can testify to events that occurred on the day in question, as well as the City of Espanola Police Department's policies and procedures on establishing probable cause.

11. Sergeant Richard Gallegos
    c/o Katherine A. Basham, Esq.
    Basham & Basham, P.C.
    2205 Miguel Chavez Rd., #A
    Santa Fe, New Mexico 87505

    Sergeant Gallegos can testify to the City of Espanola Police Department's policies and procedures on establishing probable cause.

12. Dr. Gilbert Kliman
    The Psychological Trauma Ctr.,
    2105 Divisadero St
    San Francisco, CA 94115
    Phone: (415) 292-7119
    Fax: (415) 749-2802

Dr. Kliman will testify to Plaintiff's damages.

13. Any witnesses called by Defendants.

14. Any witness revealed in the discovery process.

**Defendants Witness List:**

Defendant, CYFD, incorporates the witness list of Plaintiff, as well as the witness lists of Defendants Espanola Schools, Jeanette Archuleta and Martha Fernandez set forth in the Joint Status Report and Provisional Discovery Plan filed in *Jones v. Espanola Municipal School District,* USDC No. 13-CV-00741 RB-WPL (Doc. 23).

1. Plaintiff, regarding the allegations set forth in his Complaint and all other areas appropriate in defending this lawsuit.

2. Plaintiff's mother, Cecilia Jones, regarding the allegations set forth in her son's Complaint and all other areas appropriate in defending this lawsuit.

3. Defendant Janette Archuleta, contact through undersigned counsel, who may testify regarding the allegations set forth in Plaintiff's First Amended Complaint and any defenses thereto, and all other areas appropriate in defending this lawsuit.

4. Dr. Lloyd Vigil, contact through undersigned counsel, who may testify regarding the allegations set forth in Plaintiff's First Amended Complaint and any defenses thereto, and all other areas appropriate in defending this lawsuit.

5. Any staff/former staff of Espanola Valley High School, who may testify regarding the allegations set forth in Plaintiff's Complaint and any defenses thereto, and all other areas appropriate in defending this lawsuit.

6. Sara Ayudantes, Plaintiff's counselor, regarding her treatment of Plaintiff, and all other areas appropriate in defending this lawsuit.

7. Plaintiff's therapist referenced in Paragraph 35 of Plaintiff's Amended Complaint [Doc. 5], regarding the treatment of Plaintiff, and all other areas appropriate in defending this lawsuit.

8. School Resource Officer, Chris Archuleta, regarding the investigation into Plaintiff on his hit list, and all other areas appropriate in defending this lawsuit.

9. Defendant, Martha Fernandez, regarding the investigation into Plaintiff on his hit list, and all other areas appropriate in defending this lawsuit.

10. Devonna Ortega, contact through undersigned counsel, who may testify regarding the allegations set forth in Plaintiff's First Amended Complaint and any defenses thereto, and all other areas appropriate in defending this lawsuit.

11. Josephina Litera, contact through undersigned counsel, who may testify regarding the allegations set forth in Plaintiff's First Amended Complaint and any defenses thereto, and all other areas appropriate in defending this lawsuit

12. Samantha M., a student at Espanola Valley High School, who may testify as to threats made to her by Plaintiff regarding the hit list, and all other areas appropriate in defending this lawsuit.

13. Officer Christian Lopez, regarding the investigation into Plaintiff on his hit list, and all other areas appropriate in defending this lawsuit.

14. Officer Danny Pacheco, regarding the investigation into Plaintiff on his hit list, and all other areas appropriate in defending this lawsuit.

15. Ruben Salazar, contact through undersigned counsel, regarding Plaintiff's actions after he left St. Vincent's, and all other areas appropriate in defending this lawsuit.

16. Plaintiff's Girlfriend at the time of the incident, regarding Plaintiff's actions after

he left St. Vincent's, and all other areas appropriate in defending this lawsuit.

17. The students in Plaintiff's classroom, including those who were referenced in Plaintiff's hit list, who may have information as to the creation of the hit list, as well as the disturbance it created at school, and all other areas appropriate in defending this lawsuit. School Defendants suggest holding off or delaying depositions of these witnesses for a period of time in the early stages of this litigation, because of FERPA and age minority concerns. Some of them may be within a year of reaching the age of majority.

18. Any witness identified by the Plaintiff.

19. Such records custodians as may be necessary.

20. Any witness necessary for foundation, impeachment, or rebuttal.

21. Any witnesses identified during discovery.

### B. Exhibit Lists

**Plaintiff's Exhibit List**:

1. Police Report/s;

2. Court documents and records relevant to the arrest and charging of Plaintiff;

3. Any Audio or video recordings related to the incident;

4. Plaintiff's medical or mental health records;

5. Plaintiff's drawings/ illustrations;

6. Any and all exhibits presented by Defendants;

7. Any and all exhibits revealed in the discovery process.

**Defendants Exhibit List:**

Defendant, CYFD, incorporates the exhibit list of Plaintiff, as well as the exhibit lists of Defendants Espanola Schools, Janette Archuleta and Martha Fernandez set forth in the Joint Status

Report and Provisional Discovery Plan filed in *Jones v. Espanola Municipal School District,* USDC No. 13-CV-00741 RB-WPL (Doc. 23).

1. Plaintiff's "hit list" with students at Espanola Valley High School and torture drawings that were found with the hit list.

2. Documents involving the incident with Plaintiff on September 7, 2010.

3. Note to Samantha M., from Plaintiff regarding a death threat.

4. All police records related to the incident in question.

5. Plaintiff's criminal records related to the incident in question.

6. Plaintiff's medical, psychological, and educational records as needed.

7. Any exhibits identified by the Plaintiff.

8. Documents obtained during discovery.

9. Experts' C.V., reports and supporting exhibits, if experts are used.

10. CYFD preliminary inquiry determination.

11. Espanola Police Department statement of probable cause.

12. Plaintiff's education/academic records.

13. San Juan Pueblo Tribal Court authorization, acknowledgement, approval/disapproval of service form.

14. Incident report from Pro Sec Services for incident dated 9/7/10.

15. Plaintiff's birth certificate.

16. Newspaper accounts of the incident subject of this claim.

17. Juvenile Justice Services Field Incident Report.

### C. Expert Witness Lists

**Plaintiff's Expert List**: Plaintiff has not yet retained any testifying experts in this matter. Should any such testifying experts be retained, Plaintiff will timely provide expert disclosures, reports, and pertinent information as required by the Federal Rules of Civil Procedure and/or the orders of this Court.

**Defendant Expert List:** Defendant, CYFD, has not identified any expert witness at this time, but reserves the right to identify and disclose experts as are deemed necessary through discovery.

### D. <u>Interrogatories, Requests for Production, Requests for Admissions, Depositions, and Timing</u>

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service plus 3 days for mailing).

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 25 requests for production by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff and 10 by Defendants.

Each deposition (other than of parties and experts) limited to maximum of 4 hours unless extended by agreement of parties. Parties and experts are limited to a maximum of 7 hours.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by

    from Defendants by

Supplementation under Rule 26(e) due no later than 30 days before the close of discovery.

All discovery commenced in time to be complete by

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

There may be possible consolidation issues in this case.

## PRETRIAL MOTIONS

Plaintiff intends to file: Motions for summary judgment, motions in limine and motions to compel if necessary.

Defendants intend to file: Defendant has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 8). Defendant will also file a motion for summary judgment and any necessary motions in limine or motions relating to discovery.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 4-5 days.

\_\_\_ This is a non-jury case.

\_\_\_This is a jury case.

The parties request a pretrial conference no sooner than _____.

## SETTLEMENT

The possibility of settlement in this case is considered (likely) (unlikely) (**cannot be evaluated** prior to _____) (may be enhanced by use of the following alternative dispute resolution procedure: _____). The parties request a settlement conference in _____.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

This matter was recently consolidated with *Billy Jones v. Espanola Municipal School District, et al.,* No. 13-CV-00741 RB-WPL, for all purposes including trial. As such, this matter will be tried before a jury because the case it is consolidated with is a jury matter.

Plaintiff contends that this matter is a non-jury matter.

APPROVED WITH/WITHOUT EXCEPTIONS

(note exceptions above)

Respectfully submitted,

**HATCHER & TEBO, P.A.**

*/s/ Scott P. Hatcher*
Scott P. Hatcher, Esq.
150 Washington Avenue, Suite 204
Santa Fe, NM  87501
(505) 983-6525
*Attorney for Defendant Children, Youth and Families Department*


**KENNEDY LAW FIRM**

*/s/ Joseph P. Kennedy*
Joseph P. Kennedy
Theresa Hacsi
Kennedy Law Firm
1000 2nd Street N.W.
Albuquerque, New Mexico  87102
Phone: (505) 244-1400
*Attorneys for Plaintiff*