IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


T.J., on behalf of their minor child, T.J.,

    Plaintiff,

 vs.                                     No. 13-00741 RB-WPL

ESPANOLA MUNICIPAL SCHOOL
DISTRICT, JANETTE ARCHULETA and
MARTHA FERNANDEZ,

    Defendants.

Consolidated with

BILLY JONES,

    Plaintiff,

 vs.                                     No. 13-1250 MV-RHS

CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,

    Defendant.

**REPLY IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

    COME NOW, Defendants Children Youth and Families Department (CYFD), by and though

their counsel of record, Hatcher & Tebo, P.A., and for their Reply in Support of the Motion to

Dismiss Pursuant to NMRA 1-012(B)(6), state the following:

I.
INTRODUCTION

    Plaintiff's Complaint alleges that CYFD discriminated against Plaintiff "by choosing not

to provide adequate protection to citizens with mental/emotional disabilities," that CYFD *knew or*

*should have known* Plaintiff was suffering from a mental/emotional disability, that CYFD failed to respond appropriately to Plaintiff's medical condition and actively prohibited Plaintiff from obtaining his medical treatment when he was arrested in his counselor's office, that Plaintiff was discriminated against when CYFD authorized the arrest of Plaintiff for manifestations of his disability and medical conditions, that Plaintiff's conduct was legal and that he was wrongfully arrested, that CYFD failed to provide Plaintiff with "adequate accommodations for his disability during his arrest, charging and detention," and that all such actions resulted in damages. (See, generally, Complaint).

In the pending Motion to dismiss, Defendants claim, that Plaintiff has failed to assert a viable claim under the ADA because (1) the Complaint fails to allege facts sufficient to show a protected disability because it does not allege evidence sufficient to show which major life activity is impaired or to what extent the alleged disability impairs a major life activity; (2) the Complaint has not sufficiently plead a showing of intentional discrimination or animus by CYFD; (3) Plaintiff has not evidenced factual allegations which plausibly suggest that CYFD misunderstood actions resulting from Plaintiff's disability or show that Plaintiff suffered more than someone without a disability based on its failure to reasonably accommodate Plaintiff's disability; and (4) the Complaint fails to allege facts sufficient to show what authority CYFD has to charge a juvenile with a felony or what opportunity CYFD had to provide any accommodations during the arrest process.

This Motion also moved for dismissal of Plaintiff's claims as barred under the applicable statute of limitations. However, upon review of Plaintiff's Response discussing the statute of limitations issue, Defendant withdraws its assertion that the claim is time barred.

## II.
## LEGAL ARGUMENT

### A.     12(b)(6) Standard

When a complaint is challenged pursuant to Rule 12(b)(6), all well pleaded allegations are presumed true with all reasonable doubts and inferences viewed favorably to the non-moving party. *Fitzgerald v. Barnstable School Commission,* 555 U.S. 246, 249, 129 S.Ct. 788 (2009).  The complaint must allege facts sufficient to make plaintiff's claim plausible under the tests enunciated under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007). The Tenth Circuit has interpreted "plausibility" to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.,* 519 F.3d 1242, 1247 (10th Cir.2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

### B.     Plaintiff Failed To Allege Facts Sufficient To Show He Suffered A Disability.

The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Lanman v. Johnson County, Kansas,* 393 F.3d 1151, 1156 (10th Cir.2004) (citing 42 U.S .C. § 12102(2)).  In other words, "to fall within this definition one must have an actual disability ..., have a record of disability ..., or be regarded as having one...." *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 478 (1999).  Three elements must

be established for a plaintiff to be considered "disabled" under 42 U.S.C. § 12102(2). "[F]irst, plaintiff must have a recognized 'impairment'; second, plaintiff must identify one or more appropriate 'major life activities'; and third, plaintiff must show that the impairment substantially limits one or more of the major life activities." *Bristol v. Bd. of County Commissioners of the County of Clear Creek,* 281 F.3d 1148, 1156 (10th Cir. 2002).

In the present case, Plaintiff argues that he has alleged sufficient facts to show that his disability impaired a major life activity. (*See* Response, page 7). Plaintiff contends he meets the pleading requirements under the ADA by alleging he suffers from PTSD. Plaintiff alleges only that he suffered PTSD from a fight at school and had been attending counseling treatments for being bullied at school. Plaintiff does not plead fact showing how or specifically which major life activities are impaired by his disability as required by the statute and supporting case law.

The 10th Circuit recently dismissed an ADA claim because Plaintiff failed to allege that she actually suffers from a "disability" as defined by the ADA. *Twitchell v. Hutton*, 2011 W.L. 318827 (D. Colo. Jan. 28, 2011). *Twitchell* alleged that she "had serious chronic orthopedic and neurological conditions" and that she had a "preexisting serious orthopedic condition." However, *Twitchell* failed to allege any facts suggesting that these impairments substantially limit any of her major life activities. *Id*. The Court concluded that this allegation was insufficient under *Iqbal* (556 U.S. 544 (2007)) and *Twombly* as it merely offered a formulaic recitation of the elements of a cause of action without any factual enhancement. *Id*. In applying *Twitchell* to the present case, Plaintiff has plead no facts specifically identifying a major life activity nor facts sufficient to show how that major life activity is impaired. Thus, Plaintiff has failed the pleading requirements to qualify as an individual with a disability.

Plaintiff argues that Defendant does not cite one case which requires allegations using special words that his disability impair a major life function. (See Response, pg. 9). That statement

4

is not accurate. In *Lane v. Bell Cnty. Bd. of Educ*., 72 F. App'x 389 (6th Cir. 2003) the court dismissed a suit under the ADA for failure to state a claim. A teacher for the defendant school district who had a diagnosis of PTSD claimed that her working conditions interfered with her ability to teach and caused her to become sad, to suffer panic attacks, flashbacks, nightmares, anxiety, feelings of hopelessness, and to have difficulty concentrating and remembering. The teacher however, failed to show that her PTSD restricted her ability to perform a broad range of jobs in various classes. The court held that the teacher failed to show that her impairment, PTSD, substantially limited a major life activity, and thus, failed to allege that she had a "disability" within the meaning of the ADA. The court went one step further holding that because she did not allege a "disability," her claim that the defendants failed to accommodate her had no merit, there being nothing to accommodate within the meaning of the ADA. *Id.*

In *Ahlers v. Rabinowitz* 2009 W.L. 4405791 (S.D.N.Y. 2009), Plaintiff brought an ADA claim. The complaint, attempting to plead a "disability," failed to mention his "poor hearing" inhibited a "major life activity," or that he had a "record of such impairment," or that his claimed disability was not "transitory and minor," as required under 42 U.S.C. § 12102 (1). Moreover, the Court noted the Complaint lacks any details explaining the extent and scope of his "poor hearing." The Court also noted the Plaintiff's failed attempts, similar to Plaintiff here, in describing outside the pleadings and in Response to a Motion to Dismiss how his hearing impacts his ability to watch television, claimed as a "normal daily activity." The Court noted this was not sufficient to state a plausible claim to allege a "disability" under the ADA and Defendants Motion was granted.

Plaintiff argues that allegations that he attends counseling treatments, and that JPO Fernandez regarded him with such a disability that it required his immediate detention, satisfies the pleading requirement for the "impairment of a major life activity" element of a plausible ADA claim. The *Twombly* and other decisions on point do not support this claim. Plaintiff cannot allege

5

mere conclusory statements to satisfy the pleading requirements for an ADA claim. *See*, *Andino v. Fischer,* 698 F.Supp.2d 362, 380 (S.D.N.Y.2010)(dismissing ADA claim under Rule 12(b)(6) where inmate made only conclusory allegations that he was denied public services due to his post-traumatic stress disorder); *Rodriguez v. New York State Dep't of Corr. Servs.,* 2011 W.L. 796614 (W.D.N.Y. Mar. 1, 2011)(dismissing ADA claim under Rule 12(b)(6) when inmate's Complaint consisted of only conclusory allegations that he was denied reasonable accommodation without a showing of a protected disability). The opinion attributed to JPO Fernandez is a conclusory allegation not supported by any facts alleged. It does not meet the pleading requirements necessary to identify any major life activity. Plaintiff's Complaint fails to allege facts sufficient to show he suffered a disability under the ADA and it should be dismissed.

### C.    Plaintiff's Complaint Further Fails the Plausibility Standard For Not Alleging Intentional Discrimination.

A plaintiff seeking to recover monetary damages under the ADA must prove intentional discrimination on the part of the defendant. *Delano-Pyle v. Victoria County, Texas,* 302 F.3d 567, 574 (5th Cir. 2002). In *Carter v. Orleans Parish Pub. Sch.*, 725 F.2d 261, 264 (5th Cir. 1984) the Fifth Circuit, reviewing a similar issue, dismissed a cause of action for failure to state a claim under the Rehabilitation Act.[1] The Fifth Circuit found that the Plaintiff did not allege that the Defendant intended a discriminatory result or manifested any discriminatory animus by placing his children in a handicapped classroom without parental consent under the Rehabilitation Act. The court determined that the allegations left open the possibility of "negligence or inadvertence as sources of error," which, the court concluded, were insufficient to state a claim of intentional discrimination. *Id.*

---

[1] As Plaintiff points out in his brief, the standard for proving intentional discrimination under Title II of the ADA is the same standard employed under the Rehabilitation Act. *Swenson v. Lincoln Cnty. Sch. Dist. No. 2*, 260 F. Supp 2d 1136, 1145 (D. Wyo. 2003).

Plaintiff's Response argues that he sufficiently plead discriminatory animus of CYFD because Plaintiff's public arrest occurred while he was seeking treatment for his disability which implicitly shows "deliberate indifference" or "intentional discrimination." This argument is the type of conclusory assertion prohibited by *Twombly.* Nowhere does Plaintiff allege the requisite standard of proof necessary to state a plausible ADA claim. The allegation that CYFD *knew or should have known* Plaintiff was disabled and had committed disability-related misconduct, but made no effort to accommodate Plaintiff's mental illness disability, does not meet this standard. It further violates the rule that a Complaint should be dismissed where the alleged level of wrongdoing does not eliminate a finding of negligence. Because Plaintiff alleges a negligence standard as a basis for liability against CYFD, a plausible claim has not been made. Plaintiff's Complaint fails again to plausibly state a claim under the ADA because it does not eliminate negligence or inadvertence as a source for alleged wrongdoing. *Davis v. Biggers,* 2013 W.L. 5703616 at \*6, (S.D. Tex. 2013). (Because Plaintiff's Title II ADA complaint left open the possibility of "negligence or inadvertence as sources of error," a plausible claim was not made and it was dismissed per *Twombly*).

### D. *The Complaint Fails To Allege A Cognizable Claim of Discrimination.*

In an arrest context, courts have recognized two types of ADA claims under Title II: (1) wrongful arrest of a suspect based on his disability and not for any criminal activity, and (2) failure to make reasonable accommodation during a lawful arrest and investigation, causing the disabled person to suffer greater injury or indignity than other arrestees. In *Gohier v. Enright,* 186 F.3d 1216, 1220-21(10th Cir.1999), the Tenth Circuit discussed two potentially viable theories involving police conduct recognized by other federal courts: the wrongful-arrest theory and the reasonable-accommodation-during-arrest theory. *Id.*

Although *Gohier* "recognized the possibility that arrestees *may* be able to state an ADA claim based on police conduct during an arrest," it left recognition of such a claim "an open question" in the circuit. *Id.* No decision since *Gohier* has provided further clarity on this issue. Defendants re-assert the principle established by the Fourth and Sixth circuits that nothing in the language of the ADA supports the conclusion that an arrest is a "service, program, or activity" sufficient to state a claim, is the proper interpretation of the Title II of the ADA.

Even assuming the viability of either theory under Title II of the ADA, Plaintiff's Complaint is nonetheless insufficiently plead and should be dismissed. Under the wrongful-arrest theory, law enforcement may be liable for arresting an individual after incorrectly perceiving the effects of the individual's disability as illegal conduct. *Id.*, citing *Lewis v. Truitt,* 960 F.Supp. 175, 178 (S.D.Ind.1997) and *Jackson v. Town of Sanford,* 1994 W.L. 589617, at *6 (D. Me. Sept.23, 1994)*. In *Montae v. Am. Airlines, Inc.,* 757 F. Supp. 2d 47, 52-53 (D. Mass. 2010), the court dismissed Plaintiff's ADA claim under both the wrongful-arrest theory and the reasonable-accommodation-during-arrest theory for failure to state a claim. There, Plaintiff was detained in a holding cell at an airport due to alleged criminal activity. In her Complaint, Plaintiff alleged she suffered from PTSD; however, she did not attribute her arrest to the police officers' misperception of the effects of that condition as criminal activity. To the contrary, she claimed that the police officers were "fully aware of her disability." *Id.* Moreover, Plaintiff alleged that she was neither "drunk" nor acting in a "disorderly" fashion and that her "mental facilities were completely intact." *Id.* Thus, "because the plaintiff did not connect her arrest to any symptoms of PTSD, she failed to allege sufficient facts to support a finding of ADA liability under the first theory of wrongful arrest." *Id.*

In the present case, Plaintiff alleges that CYFD affirmatively discriminated against him because Plaintiff was perceived as being disabled. (See Response pg 14). Plaintiff goes on to state,

8

"the only factual basis for his arrest and immediate detention was because the officers and JPO Fernandez believed Plaintiff to be mentally unstable and in need of immediate detention; ergo Plaintiff was specifically arrested and detained because of his perceived disability." (Response 14). Like the *Montae* case, Plaintiff fails to connect his arrest to only symptoms of PTSD and therefore does not allege sufficient facts in his Complaint to support a wrongful-arrest theory based on his disability. Moreover, because it is alleged the JPO Fernandez knew of Plaintiff's disability, at the time of her approval of the detention of Plaintiff, the Complaint fails to allege that Plaintiff was wrongfully arrested based on a misperception of the effects of that disability.

Under the reasonable-accommodation-during-arrest theory, law enforcement may be liable if they fail to reasonably accommodate a person with a disability during the course of an investigation or arrest for a crime unrelated to that disability, thereby "causing the person to suffer greater injury or indignity in that process than other arrestees." *Gohier*, at 122 (citing *Gorman v. Bartch,* 152 F.3d 907, 912–13 (8th Cir.1998)).

Here, Plaintiff's Complaint is deficient in that Plaintiff failed to allege facts that he was injured to a greater extent than a non-disabled arrestee would have been. In *Montae,* the arrestee's ADA claim was dismissed because she made no claim she was injured to a greater extent than a non-disabled arrestee would have been. Plaintiff only alleged that Defendant's actions caused her to suffer "fear and trauma." *Montae* 757 F.Supp. 2d 53. *See* also, *Patino v. City of Revere*, 2014 W.L. 202760 (D. Mass. Jan. 16, 2014) (dismissing Plaintiff's ADA claim for failure to allege facts showing that Plaintiff suffered greater injury). Plaintiff, here, alleges only that Defendant did not accommodate for his disability during Plaintiff's arrest, detention and incarceration (See Complaint ¶58). Further, Plaintiff alleges that by conducting a warrantless public arrest of him while he was attempting to seek treatment for his disability caused him to suffer greater indignity than others. (See Response 13). There are no allegations that Plaintiff suffered an injury greater

9

than non-disabled arrestees.  There is no allegation that the officers should have done something differently during the arrest to account for his disability.  Under the same set of allegations, the Court in *Patino* dismissed a similar ADA claim for failure to state a claim.

Plaintiff has not sufficiently alleged discrimination by either of the two potentially viable theories involving police conduct recognized by other federal courts: the wrongful-arrest theory or the reasonable-accommodation-during-arrest theory.  These allegations do not rise to the level of a cognizable claim under Title II of the ADA and the Complaint should be dismissed.

WHEREFORE, the CYFD prays this Court enter its Order dismissing Plaintiffs' Complaint, with prejudice, for attorneys' fees, costs of this suit, and for such other and further relief as the Court deems just and proper.

HATCHER & TEBO, P.A.

*/s/ Scott P. Hatcher*
BY:_____
Scott P. Hatcher, Esq.
Dylan K. Lange, Esq.
150 Washington Avenue, Suite 204
Santa Fe, NM  87501
(505) 983-6525
Attorneys for Defendant

CERTIFICATE OF MAILING

The undersigned hereby certifies he transmitted a true and accurate copy of the foregoing via CM/ECF to:

Joseph P. Kennedy, Esq.
Shannon L. Kennedy, Esq.
The Kennedy Law Firm.
1000 Second Street, N.W.
Albuquerque, New Mexico  87102

on this 21st day of April, 2014.

*/s/ Scott P. Hatcher*_____
Scott P. Hatcher, Esq.